**FILED**

IN THE UNITED STATES DISTRICT COURT

**4:10 pm, 3/2/26**

FOR THE DISTRICT OF WYOMING

**Margaret Botkins**
**Clerk of Court**

DAVID M. BERKEY, et al.,

Plaintiffs,

vs.                                                              Case No.  26-CV-46-R

ROBERT BLY, et al.,

Defendants.

**ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY**
**RESTRAINING ORDER AND PRELIMINARY INJUNCTION [2]**

Classic Thunderbird Club International, Inc., ("CTCI") "is a Wyoming nonprofit mutual benefit corporation formed to encourage and promote the admiration and ownership, care, and maintenance . . . of the Classic Thunderbird." [ECF No. 2, at 3] (quotations and citations omitted). All parties to this action have been members of CTCI's Board of Directors. Plaintiffs claim Defendants improperly seized control of CTCI in January 2026 to their exclusion. [ECF No. 1]. Plaintiffs sued on behalf of CTCI. *Id.* They now motion the Court for a Temporary Restraining Order and Preliminary Injunction to reinstate their board positions and prevent Defendants' future acts. [ECF No. 2]. After careful consideration of the briefing and arguments offered at the February 19, 2026 hearing, the Court denies Plaintiffs' request for injunctive relief.

## BACKGROUND

The CTCI Board consists of nine directors. [ECF No. 1, at 4]. Plaintiffs are five of the directors serving on the 2026 CTCI Board. *Id*. Defendants are the other four directors. *Id*. Specifically, David M. Berkey, Trae Wood, James A. Seibert, James McLaughlin, and Ross Woodman, ("Plaintiffs" or "Majority Board") bring this action on behalf of CTCI. *Id*. at 2. Plaintiffs allege Robert Bly, Marsha Hash, William Jurkonie, and John Knapp ("Defendants" or "Minority Board") have improperly seized control and management of CTCI. *Id*.

The CTCI Bylaws define a "quorum" as "a majority of the members of the Board of Directors." *Id*. Wyoming law and CTCI's Bylaws require a quorum of Board Directors before CTCI action. *Id*. at 2. Despite this, Plaintiffs claim the Minority Board met in January 2026, acting without a quorum and without majority support. *Id*. at 5; [ECF No. 2, at 4]. At the meeting, Plaintiffs state the Minority Board invalidly elected 2026 CTCI Officers without the votes needed. [ECF No. 1, at 5–6]. They claim the Minority Board has since gained full control of CTCI assets, terminated the Majority Board's status as Board Directors and members, informed CTCI members of the termination, and further used its control to exclude the Majority Board from all corporate management, administration, and action. *Id*.

Plaintiffs contend the Minority Board continues to exercise control over CTCI, act without authority, and diminish corporate assets. Plaintiffs argue court intervention is necessary because the Minority Board will continue to deteriorate assets and engage in acts

which cannot be undone—risking permanent impairment to CTCI's future. *Id*. at 6; [ECF No. 2, at 3].

### I.  *Plaintiffs' Motion for TRO and Preliminary Injunction [ECF No. 2]*

Presently, Plaintiffs request the entry of a temporary restraining order ("TRO") and preliminary injunction. [ECF No. 2]; FED. R. CIV. P. 65. Plaintiffs request the injunction immediately restore the status quo by allowing a quorum of Board Directors to operate CTCI. [ECF No. 2, at 14, 24]. Plaintiffs argue all four factors are satisfied for the imposition of a preliminary injunction.

First, Plaintiffs argue they are likely to succeed on the merits because the Minority Board has violated Wyoming law and the CTCI Bylaws. *Id*. at 17–20. They claim violations include electing officers without a quorum or majority vote and allowing non-Board members to vote. *Id*. They mention the Minority Board improperly electing CTCI Officers, an Ex-Officio member, and a Director Emeritus. Plaintiffs also raise the issue of Defendants removing the Majority Board from their positions and terminating their memberships unilaterally, without notice, and without a regional vote. And they allege Defendants are acting without a quorum in managing and administering CTCI. *Id*.

Second, Plaintiffs claim they will suffer irreparable harm without the requested relief. They assert the Minority Board's acts involving third parties—such as entering contracts or conducting sales—cannot be undone. *Id*. at 20. Third, Plaintiffs argue the balance of harms weighs in their favor. *Id*. at 23. They contend the Minority Board has willfully violated CTCI Bylaws despite repeated notice of the violations. *Id*. at 20–22. In fact, they claim the Minority Board has increased hostility after receiving notice of their

3

improper acts. *Id*. at 15, 22. Fourth, Plaintiffs argue the public interest strongly favors statutory compliance of nonprofit mutual benefit corporations like CTCI. *Id*. at 24.

## II. *Defendants' Response in Opposition [ECF No. 12]*

Defendants oppose Plaintiffs' Motion. [ECF No. 12]. Defendants first claim Plaintiffs are unlikely to succeed on the merits because the Federal District Court for the District of Wyoming is not the proper venue for this action. *Id*. at 3. Defendants argue this matter should be heard by a Wyoming state court because "[t]his matter involves a Wyoming nonprofit corporation, with directors and members who have submitted themselves to the State of Wyoming" and "[a]ll the causes of action in the Complaint are based in state law." *Id*. Second, Defendants argue Plaintiffs' accusations do not meet the necessary showing of irreparable harm. *Id*. at 4. Third, they maintain the balance of equities weighs in their favor. Fourth, Defendants claim the requested preliminary injunction will only impact Plaintiffs and not the public. *Id*. at 4–6.

## RELEVANT LAW

## I. *Temporary Restraining Order and Preliminary Injunction*

"The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order." *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd*., 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018) (citing 13 JAMES WM MOORE, MOORE'S FEDERAL PRACTICE ¶ 65.36 (3d ed. 2014)). TROs procedurally differ from preliminary injunctions in duration and in that they may be granted without notice to the opposing party. *Id*.; FED. R. CIV. P. 65. The initial timeframe for a TRO is limited to fourteen days with narrow exceptions for good cause or consent. FED. R. CIV. P. 65(b)(2). Additionally,

preliminary injunctions are appealable while TROs generally are not. *Tooele Cnty. v. United States*, 820 F.3d 1183, 1186 (10th Cir. 2016).

The two injunctions likewise differ in purpose. A TRO is designed to preserve the status quo between the parties by preventing irreparable injury until a court can rule on the merits of a preliminary injunction. *Flying Cross Check*, *L.L.C. v. Cent. Hockey League*, *Inc.*, 153 F. Supp. 2d 1253, 1258 (D. Kan. 2001). "The status quo is defined as the last peaceable uncontested status existing between the parties before the dispute developed." *Miller v. Austin*, 622 F. Supp. 3d 1105, 1108 (D. Wyo. 2022). In contrast, preliminary injunctions "preserve the relative positions of the parties until a trial on the merits can be held." *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).

"In both cases, however, injunctive relief is an extraordinary remedy." *People's Tr. Fed. Credit Union*, 350 F. Supp. 3d at 1138 (quotations omitted). This extraordinary remedy is not awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, courts are required to balance the competing claims of the injury while considering the effect of granting or denying the motion on each party. *Id.* In doing so, courts use a four-prong test to determine whether a party is entitled to a TRO or preliminary injunction. *Free the Nipple-Fort Collins v. City of Fort Collins*, *Co.*, 916 F.3d 792, 797 (10th Cir. 2019).

The moving party must demonstrate (1) a substantial likelihood of success on the merits, (2) the movant would suffer irreparable harm if the motion is denied, (3) the threatened injury outweighs the opposing party's injury if the injunction is granted, and (4)

granting the injunction is not contrary to public interest. *Id*. These considerations are within a district court's discretion. *Id*. at 796.

### RULING OF THE COURT

As mentioned, Plaintiff must show their cause is favored by (1) a substantial likelihood of success on the merits, (2) irreparable harm, (3) balance of equities, and (4) public interest. The showing of probable irreparable harm is the most important factor to consider before issuing a preliminary injunction. *Hunter v. Hirsig*, 614 F. App'x 960, 962 (10th Cir. 2015) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp*., 356 F.3d 1256, 1260 (10th Cir. 2004)). Consequently, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id*.

The Court will, therefore, begin its analysis by evaluating the potential for (I) irreparable harm to Plaintiffs before addressing (II) likelihood of success, (III) balance of equities, and (IV) public interest. Because TROs and preliminary injunctions are analyzed under the same structure, the Court will conduct the same analysis for both.

## I. Irreparable Harm

"Irreparable harm, as the name suggests, is harm that cannot be undone, such as by an award of compensatory damages or otherwise." *Salt Lake Trib. Pub. Co*., *LLC v. AT & T Corp*., 320 F.3d 1081, 1105 (10th Cir. 2003) (citing *Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir.1986)). To demonstrate irreparable harm, Plaintiffs must show "a significant risk that [they] will experience harm that cannot be compensated after the fact by money damages." *Mabe, LLC v. Wie*, No.

2:25-CV-00319-DBB, 2025 WL 1433910, at *3 (D. Utah May 19, 2025) (quoting *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009)). "To constitute irreparable harm, an injury must be certain, great, 'actual and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citations omitted).

Purely speculative harm is insufficient to satisfy the burden of proving irreparable injury. *RoDa Drilling Co.*, 552 F.3d at 1210. Yet irreparable harm does not require proof the injury is certain to occur. *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003). Instead, a plaintiff satisfies irreparable harm by demonstrating a substantial risk of injury cannot be remedied by monetary damages. *Id*. The harm must be likely to occur before the court rules on the merits and must be sufficiently imminent to create a clear and present need for equitable relief. *Id*. at 1260; *Heideman*, 348 F.3d at 1189.

Plaintiffs claim three sources of irreparable harm exist. First, they contend CTCI faces an ongoing risk from an illegitimate board binding the organization to unauthorized contracts, sales, or agreements. [ECF No. 2, at 20–21]. Second, Plaintiffs argue CTCI holds valuable antiques, historical artifacts, and original factory invoices which are at risk of disposal. *Id*. at 21. Third, they claim under Wyo. Stat. Ann. § 17-19-830(b), directors of nonprofits have restricted personal liability—preventing CTCI's recovery from Defendants individually. *Id*. at 21–22. The Court will address CTCI's (A) risk of unauthorized contracts and potential liability, (B) threat to assets, and (C) limitations on recovery under Wyoming law.

### A.  Risk of Unauthorized Contracts

The Court finds Plaintiffs' claim of contractual liability is speculative and does not establish irreparable harm. Plaintiffs argue irreparable harm will result if the Minority Board binds CTCI to contracts. [ECF No. 2, at 20]. Plaintiffs specify the Minority Board is seeking to approve a joint convention with another club without complete authorization. *Id*. at 21. Plaintiffs state, "approval by the Minority Board without final approval from the full CTCI Board exposes CTCI to contractual liability it may not otherwise be bound by." *Id*. They claim the "illegitimate board's" continued action puts CTCI in a state of perpetual risk. *Id*. at 20.

Plaintiffs' fears fail to demonstrate the likelihood of irreparable harm. Irreparable harm "must be both certain and great," and not "merely serious or substantial." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (quotations and citations omitted). "[T]he movant must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages." *DTC Energy Grp.*, *Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (quotations and citations omitted).

Plaintiffs' allegations do not present a significant risk. The approval of a proposed joint convention was apparently discussed and set in motion before the alleged exclusion. *See* [ECF No. 2, at 21] ("[T]he Minority Board is seeking to approve a joint convention with a separate club which CTCI has not yet fully approved and was pending material conditions prior to approval."). While Plaintiffs mention the convention's "pending

material conditions" they provide no other details about what terms remain pending nor the attendant implications.

In an analogous case, the plaintiff sought to enjoin a shareholder vote to avoid potential risk to minority shareholders. *Louisiana Municipal Police Employees' Ret. System v. Continental Res.*, *Inc*, 886 F. Supp. 2d 1255 (W.D. Okla. 2012). The court rejected the preliminary injunction because the claimed injury depended on a chain of assumptions. Plaintiff assumed (1) the shareholders' vote would pass and (2) the transaction would be detrimental. Neither result was supported by compelling evidence. *Id*. at 1267–68 (concluding "any harm that Plaintiff contends would result from the failure to enjoin the vote is merely speculative and cannot support the extraordinary remedy of a preliminary injunction.").

Here, Plaintiffs rely on two parallel assumptions. They assume (1) a contract will be created by the Minority Board and (2) the contract will be detrimental. [ECF No. 2, at 20–21]. Again, neither result is supported by compelling evidence. As the court reasoned in *Louisiana Municipal*, the asserted harm is "merely speculative" and cannot support the "extraordinary remedy of a preliminary injunction." *Louisiana Municipal Police Employees' Ret. System*, 886 F. Supp. 2d at 1267–68 (W.D. Okla. 2012); *see Murrell v. Amvestors Fin. Corp.*, No. CIV. A. 92-4090-S, 1992 WL 136083, at *3 (D. Kan. May 5, 1992) (rejecting plaintiff's claims of irreparable harm resulting from any acts in the interim by new board members after an allegedly invalid election); *Schiermeyer on Behalf of Blockchain Game Partners*, *Inc. v. Thurston*, 746 F. Supp. 3d 1188, 1195 (D. Utah 2024) (finding, in the context of a receivership request, plaintiff had "not shown how those

actions—whether or not improper—threaten the health of the company" where co-director allegedly exceeded authority).

Overall, irreparable harm requires more than a hypothetical risk. *RoDa Drilling Co.*, 552 F.3d at 1210. Plaintiffs' claims rely on vague fears of unauthorized contracts and no evidence of actual or imminent harm. The convention mentioned by Plaintiffs arose with the involvement of all parties and Plaintiffs offer no details about what harm could result if the convention moves forward. Plaintiffs fail to demonstrate "certain, great, actual" injury from unauthorized contracts. *Heideman,* 348 F.3d at 1189 (citations omitted) (holding the movant "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief[.]"). Thus, Plaintiffs fail to demonstrate contractual irreparable harm.

**B.  Threat to CTCI Assets**

Next, Plaintiffs argue CTCI possesses precious antiques, historical artifacts, and original factory invoices, which are at risk of disposal. [ECF No. 2, at 21]. They claim, "if [the] invoices are disposed of outside of CTCI membership, it is unlikely CTCI can unwind such a transaction and replicas . . . carry a fraction of the value." *Id*. (alteration added). They maintain damages "cannot be precisely calculated given the historical significance of these artifacts." *Id.* Defendants contend Thunderbird Invoices have previously sold to members in the ordinary course of business. [ECF No. 12, at 4]. Regardless, they claim Plaintiffs "fail to state with any specificity or detail why they believe the Defendants would sell [the invoices] to non-members or at all," and fail to show "Defendants have done anything to harm or diminish the assets of CTCI." *Id*. (alteration added).

The Court finds these threats to CTCI's assets are insufficient to establish irreparable harm. "The purpose of a preliminary injunction is . . . to protect plaintiffs from irreparable injury that will surely result without their issuance." *DTC Energy Grp., Inc.*, 912 F.3d at 1270 (quoting *Schrier*, 427 F.3d at 1267). The loss of a unique product and difficulty in calculating damages support the finding of irreparable harm. *Dominion Video Satellite*, 356 F.3d at 1264. While Plaintiffs claim the Minority Board may dispose of CTCI's unique assets, they provide no evidence supporting the likelihood of this loss.

Rather, Plaintiffs' claims rely on vague fears about the Minority Board's acts without any indication of actual or imminent harm. *See* [ECF No. 2, at 21]. Absent compelling evidence, the fear of future acts by a new board are considered "too speculative and will not support the requisite finding of irreparable harm." *Murrell*, No. CIV. A. 92-4090-S, at *3. Accordingly, Plaintiffs' argument regarding irreparable harm based on the loss of CTCI's assets is without support and fails to demonstrate a significant risk of harm. *RoDa Drilling Co.*, 552 F.3d at 1210. Plaintiffs fail to meet the high standard for irreparable harm on this basis.

## C. Limitations on Recovery Under Wyoming Law

Plaintiffs argue CTCI faces irreparable harm based on limited opportunity to recover against Board Directors under Wyoming law. Wyo. Stat. § 17-19-830 restricts the personal liability of nonprofit corporate board members. [ECF No. 2, at 21]. It states, "[m]embers of a board of any nonprofit corporation organized under this act are not individually liable for any actions, inactions or omissions by the nonprofit corporation. This subsection does not affect individual liability for intentional torts or illegal acts." WYO. STAT. § 17-19-830.

11

A board member of a nonprofit corporation is provided immunity from individual liability for "actions, inactions, or omissions" by the corporation. *Id*. But board members are individually liable if a plaintiff proves they committed an intentional tort or illegal act. *Id*.

Plaintiffs argue Wyo. Stat. Ann. § 17-19-830 exacerbates CTCI's unlikely recovery from the Minority Board. But Plaintiffs allege Defendants have "committed and [are] continuing to commit fraud, making each Minority Board Director personally liable." [ECF No. 2, at 21]. As they acknowledge, under the immunity exception, "a director may be liable for his intentional torts or illegal acts." *Campbell v. Davidson*, 2023 WY 100, ¶ 42, 537 P.3d 734, 746 (Wyo. 2023). Under Wyo. Stat. § 17-4-501, fraud is an illegal act. Thus, the Minority Board's alleged fraud falls within the statutory exception and potentially subjects Defendants to individual liability.

Plaintiff's state they are confident in their ability to establish Defendants' fraud but maintain "there is significant risk that CTCI cannot recover its damages from the Minority Board personally." [ECF No. 2, at 21]. Plaintiffs only guess they will not recover damages from the Minority Board individually. Such conjecture does not show irreparable harm, and the Court finds this argument unconvincing.

Because the Court finds Plaintiffs have not shown irreparable harm, the remaining preliminary injunction factors need not be considered. *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1143 (10th Cir. 2017) ("Without showing irreparable harm, [plaintiff] cannot obtain a preliminary injunction."); *see Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("[E]ven if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make

preliminary injunctive relief improper."). Despite this, the Court will briefly address the three remaining factors.

## II. Likelihood of Success on the Merits

Plaintiffs sue on four counts. Namely, (1) ultra vires under Wyo. Stat. § 17-19-304(c), (2) fraud, (3) declaratory judgment, and (4) breach of fiduciary duty. [ECF No. 1, at 8–10]. Plaintiffs argue they will almost certainly succeed on the merits of their claims. [ECF No. 2, at 17]. They contend the Minority Board's January 2026 meeting, including exclusion of the Majority Board and election of Officers, violated the CTCI Bylaws and Wyoming law. *Id*. at 17–18.

Without discussing the elements required of each claim, they list (1) managing and administering CTCI, (2) electing Officers, (3) electing a Director Emeritus and an Ex-Officio, and (4) terminating the Majority Board's membership status and positions as key facts supporting their likely success. *Id*. at 19–20. Plaintiffs argue these acts provide a solid basis for success on the merits of their ultra vires and declaratory judgment claims. *Id*. at 19. Defendants do not directly rebut Plaintiffs' likelihood of success but contend the issues would be more appropriately addressed in state court. [ECF No. 12, at 3].

Because a declaratory judgment is procedural only (and ultimately discretionary), Plaintiffs must show a substantial likelihood of success on the merits of the underlying causes of action. *See Surefoot LC v. Sure Foot Corp*., 531 F.3d 1236, 1240 (10th Cir. 2008); *Skelly Oil Co. v. Phillips Petroleum Co*., 339 U.S. 667, 671 (1950) ("'The operation of the Declaratory Judgment Act is procedural only.'"). Each substantive claim fundamentally involves Defendants' alleged violation of corporate authority. *See* WYO. STAT. § 17-19-

13

304(c); *Singer v. Lajaunie*, 2014 WY 159, ¶ 26, 339 P.3d 277, 285 (Wyo. 2014); *Matter of*

*J. Kent Kinniburgh Revocable Tr. Dated Jan. 27, 1992, as Amended & Restated*, 2023 WY

56, ¶ 23, 530 P.3d 579, 587 (Wyo. 2023).

Specifically, Plaintiffs' ultra vires claim concerns the Minority Board's lack of

corporate power to undertake any of the acts alleged. *See* WYO. STAT. § 17-19-304(c).

Breach of fiduciary duty more broadly references their alleged failures to observe official

duties of care, loyalty, and obedience. *See Matter of J. Kent Kinniburgh Revocable Tr.*

*Dated Jan. 27, 1992, as Amended & Restated*, 2023 WY 56, ¶ 23, 530 P.3d 579, 587 (Wyo.

2023). And fraud addresses Defendants' willful misrepresentations in exceeding these

bounds. *See Excel Const., Inc. v. HKM Eng'g, Inc*., 2010 WY 34, ¶ 33, 228 P.3d 40, 48

(Wyo. 2010). Altogether, Plaintiffs' substantive claims center on the Minority Board's

violation of its authority. The Court finds Plaintiffs' allegations Defendants acted without

a quorum and failed to observe other explicit procedures are sufficient to demonstrate a

likelihood of success on the merits of their substantive claims.

### III.    *Balancing of Harms*

Plaintiffs argue the anticipated harm would be limited by the requested relief. [ECF

No. 2, at 22–23]. They do not detail the harm to either party depending on this Motion's

outcome. *Id*. Defendants maintain any potential harm complained of, such as membership

decline, reflects equally on Plaintiffs' leadership of CTCI. [ECF No. 12, at 5]; *see also*,

*e.g*., [ECF Nos. 2-4, 2-5, 2-6, at 2] (Majority Board members citing "previous leadership

issues" causing steep decline in membership over recent years). Because Plaintiffs have

not demonstrated irreparable harm beyond speculation, and the relief sought is an

extraordinary remedy, the Court finds the balancing of harms does not weigh in Plaintiffs' favor. *See People's Tr. Fed. Credit Union*, 350 F. Supp. 3d at 1138.

### IV. Public Interest

"The last issue to consider is whether the preliminary injunction is in the public's interest. . . . This factor 'is another way of inquiring whether there are policy considerations that bear on whether the order should issue.'" *Legacy Church*, *Inc. v. Kunkel*, 455 F. Supp. 3d 1100, 1164 (D.N.M. 2020) (citations omitted). Plaintiffs assert the State of Wyoming has a strong interest in corporate compliance with Wyoming law and internal governance. [ECF No. 2, at 23–24]. They argue, "it is important this Court uphold the private contract rights created by the CTCI Bylaws and encourage the lawful operation of a nonprofit mutual benefit corporation." *Id*. at 24. Defendants contend only a narrow subset of people will be impacted by the outcome of this issue. [ECF No. 12, at 6] (limiting "the scope of affected parties . . . to the Plaintiffs and not the entire membership."). They conclude, "the public interest is not affected, or served, by Plaintiffs['] requested TRO." *Id*.

Plaintiffs have not presented adequate evidence suggesting the public interest favors the requested relief. The Court acknowledges Wyoming's interest in corporate compliance but notes the policies behind Wyoming's corporate statutes holistically. *See* WYO. STAT. § 17-19-830; WYO. STAT. § 17-16-302 (providing corporations "the same powers as an individual to do all things necessary or convenient to carry out its business and affairs."); *Woodbury v. Mount Carmel Youth Ranch*, No. 05-CV-078-D, 2005 WL 8155941, at *3 (D. Wyo. Dec. 8, 2005) ("The policy behind the statute [§ 17-19-830] is important, and this

Court would be loathe to discourage civic-minded volunteers from serving on nonprofit Boards of Directors[.]").

These protections are subject to exceptions as discussed. Regardless, Plaintiffs have not presented adequate evidence to suggest the public interest will suffer imminent harm if the relief is not granted. *See Jones v. City of Akron*, No. 5:16-CV-2587, 2016 U.S. Dist. LEXIS 156209, at *18 (N.D. Ohio Nov. 10, 2016) ("Plaintiff has not alleged facts to suggest that the failure to grant injunctive relief at this stage of litigation would result in substantial harm to others[.]"). The Court finds the public interest consideration weighs against granting injunctive relief.

### CONCLUSION

The Court finds Plaintiffs failed to demonstrate irreparable harm without the requested preliminary injunction. The findings and conclusions set forth herein are not a determination on the merits but are findings made in light of the requested preliminary injunction order.

**NOW, THEREFORE, IT IS ORDERED** Plaintiff's Motion for Preliminary Injunction [ECF No. 2] is **DENIED**.

Dated this 2nd day of March, 2026.

Kelly H. Rankin
United States District Judge